UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ETHAN A. SLATER,

                Plaintiff,

    v.

RICK SCOTT, et al.,

                Defendants.

Case No. C22-5395-RJB-SKV

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Ethan Slater is a state prisoner who is currently confined at the Washington Corrections Center in Shelton, Washington. Plaintiff presented to the Court for filing a civil rights complaint under 42 U.S.C. § 1983, naming as Defendants Rick Scott and Brad Johanson, the Sheriff and Undersheriff, respectively, of Grays Harbor County Sheriff's Office, and Travis Davis, the Chief of Grays Harbor Jail. Dkt. 5. He alleged causes of action arising out of his recent conviction following his entry of a guilty plea. Specifically, he alleged violations of his Sixth and Fourteenth Amendment rights when he was forced to meet with his appointed attorneys in visiting rooms containing recording equipment at the Gray Harbor Jail and felt compelled to take a guilty plea because he believes the "jail staff works in concert with the

REPORT AND RECOMMENDATION - 1

prosecutors." *Id*. at 4-5. He also alleged a Fourteenth Amendment violation, forcing him into a plea bargain, when he was taken to an "Attorney-Client" meeting room at the jail for court appearances, instead of to the court room to be with his attorney. *Id*. at 6-7. He sought as relief $1.5 million in damages, the dismissal of all charges against him, and his immediate release. *Id*. at 9.

On June 27, 2022, the Court issued an Order directing Plaintiff to show cause why this action should not be dismissed. The Court directed Plaintiff to show cause not later than thirty days from the date of the Court's Order and noted that failure to timely respond to the Order would result in a recommendation that this action be dismissed. To date, Plaintiff has not responded to the Court's Order. The Court now recommends dismissal.

A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."). The § 1983 action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v.*

REPORT AND RECOMMENDATION - 2

*Rodriguez*, 411 U.S. 475, 489-90 (1973).

In this case, Plaintiff presents a challenge to his confinement and a finding in his favor and award of the relief sought would necessarily demonstrate its invalidity. He makes no allegation or showing that his current confinement has been invalidated or impugned in any respect. Indeed, that appears to be precisely the relief Plaintiff seeks here. Accordingly, Plaintiff's claims cannot be brought under § 1983.

Because Plaintiff failed to respond to the Court's Order to Show Cause or to otherwise show why this action is not subject to dismissal, the Court recommends his proposed complaint be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 26, 2022**.

Dated this 2nd day of August, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3